JOHNSON & PHAM, LLP
Christopher D. Johnson, SBN: 222698
  E-mail: cjohnson@johnsonpham.com
Christopher Q. Pham, SBN: 206697
  E-mail: cpham@johnsonpham.com
Marcus F. Chaney, SBN: 245227
  E-mail: mchaney@johnsonpham.com
6355 Topanga Canyon Boulevard, Suite 326
Woodland Hills, California 91367
Telephone: (818) 888-7540
Facsimile: (818) 888-7544   NOTE: CHANGES MADE BY THE COURT

Attorneys for Plaintiffs
BMW OF NORTH AMERICA, LLC and
BAYERISCHE MOTOREN WERKE AG

J. Michael Keyes – SBN 262281
keyes.mike@dorsey.com
Stefan Szpajda – SBN 282322
szpajda.stefan@dorsey.com
DORSEY & WHITNEY LLP
701 Fifth Avenue, Suite 6100
Seattle, WA 98104
Tel.: (206) 903-8800
Fax: (206) 903-8820

Attorneys for Defendant
S.F. EXPRESS CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| BMW OF NORTH AMERICA, LLC, et al., <br><br>    Plaintiffs, <br><br>    v. <br><br> S.F. EXPRESS CORPORATION, et al. <br><br>    Defendants. | Case No.:  2:20-cv-01574 AB (JPRx) <br><br> **[DISCOVERY MATTER]** <br><br> **STIPULATED PROTECTIVE ORDER** <br><br> **Judge**:  Hon. Jean P. Rosenbluth |

- 1 -
STIPULATED PROTECTIVE ORDER

1. **INTRODUCTION**

    1.1   **PURPOSES AND LIMITATIONS**

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal[1].

    1.2   **GOOD CAUSE STATEMENT**

The parties seek a protective order because the type of disclosures and discovery that the parties anticipate will be conducted in this matter includes proprietary, competitive business information related to the parties' businesses (including financial records and third-party contracts) and prospective business plans, as well as business records containing personal, private and confidential customer information such as names, addresses, phone numbers, e-mail addresses, and other non-public information.  The nature of this action relates to the alleged sale and distribution of automobile parts to consumers, and thus necessarily includes competitive business information in the possession, custody or control of the parties,

---

[1] This Stipulated Protective Order was drafted using Magistrate Judge Michael R. Wilner's MRW FORM STIPULATED PROTECTIVE ORDER [Feb 2017] available to parties online under Judge Wilner's Procedures and Schedules, with the addition of a second tier "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" level of designation.

1   such as customer lists, financial records, as well as the related personal, private
2   information of non-parties.  The parties believe that disclosure of this information
3   publicly would not only harm the parties' competitive standing in their respective
4   industries, but also cause potential harm to non-parties by disclosing personal,
5   private customer information as to which the parties do not have permission to
6   disclose publicly.

7   2.   DEFINITIONS

8        2.1   Action: *BMW of North America, LLC, et al. v. S.F. Express*
9   *Corporation, et al.* case number:  2:20-cv-01574 AB (JPRx).

10        2.2   Challenging Party: a Party or Non-Party that challenges the designation
11   of information or items under this Order.

12        2.3   "CONFIDENTIAL" Information or Items: information (regardless of
13   how it is generated, stored or maintained) or tangible things that qualify for
14   protection under Federal Rule of Civil Procedure 26(c), and as specified above in
15   the Good Cause Statement.

16        2.4   Counsel: Outside Counsel of Record and House Counsel (as well as
17   their support staff).

18        2.5   Designating Party: a Party or Non-Party that designates information or
19   items that it produces in disclosures or in responses to discovery as
20   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
21   ONLY."

22        2.6   Disclosure or Discovery Material: all items or information, regardless
23   of the medium or manner in which it is generated, stored, or maintained (including,
24   among other things, testimony, transcripts, and tangible things), that are produced or
25   generated in disclosures or responses to discovery in this matter.

26        2.7   Expert: a person with specialized knowledge or experience in a matter
27   pertinent to the litigation who has been retained by a Party or its counsel to serve as
28   an expert witness or as a consultant in this Action.

///

2.8    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive information (regardless of how it is generated, stored or maintained) or tangible things considered in good faith by a Party or Non-Party to be extremely sensitive, including but not limited to trade secrets or other confidential research, development, financial or other commercial information, the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9    House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11    Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.12    Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.16 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. Any use of Protected Material at trial will be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4. <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order will remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition will be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. <u>DESIGNATING PROTECTED MATERIAL</u>

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection.</u> Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written

communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection will be

STIPULATED PROTECTIVE ORDER

deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions, that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, will identify the protected portion(s).

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2     <u>Meet and Confer</u>. The Challenging Party will initiate the dispute resolution process (and, if necessary, file a discovery motion) under Local Rule 37.1 et seq.

6.3     The burden of persuasion in any such challenge proceeding will be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties will continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.     <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1     <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13. below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

- 8 -
STIPULATED PROTECTIVE ORDER

1    (b) the officers, directors, and employees (including House Counsel) of

2    the Receiving Party to whom disclosure is reasonably necessary for this Action;

3    / / /

4    (c) Experts (as defined in this Order) of the Receiving Party to whom

5    disclosure is reasonably necessary for this Action and who have signed the

6    "Acknowledgment and Agreement to Be Bound" (Exhibit A);

7    (d) the court and its personnel;

8    (e) court reporters and their staff;

9    (f) professional jury or trial consultants, mock jurors, and Professional

10   Vendors to whom disclosure is reasonably necessary for this Action and who have

11   signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

12   (g) the author or recipient of a document containing the information or

13   a custodian or other person who otherwise possessed or knew the information;

14   (h) during their depositions, witnesses ,and attorneys for witnesses, in

15   the Action to whom disclosure is reasonably necessary provided: (1) the deposing

16   party requests that the witness sign the form attached as Exhibit A hereto; and (2)

17   they will not be permitted to keep any confidential information unless they sign the

18   "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise

19   agreed by the Designating Party or ordered by the court. Pages of transcribed

20   deposition testimony or exhibits to depositions that reveal Protected Material may

21   be separately bound by the court reporter and may not be disclosed to anyone except

22   as permitted under this Stipulated Protective Order; and

23   (i) any mediator or settlement officer, and their supporting personnel,

24   mutually agreed upon by any of the parties engaged in settlement discussions or

25   appointed by the Court.

26   7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

27   ONLY" Information or Items. Unless otherwise ordered by the court or permitted in

28   writing by the Designating Party, information or items designated "HIGHLY

- 9 -
STIPULATED PROTECTIVE ORDER

CONFIDENTIAL – ATTORNEYS' EYES ONLY" must be viewed only by the Receiving Party's Outside Counsel of Record in this action (as defined in paragraph 2.11).  Receiving Party's Outside Counsel of Record in this action may disclose any information or item designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)  employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)  Experts (as defined by this Order) of the Receiving Party subject to the advance approval of such expert by the producing Party or Non-Party or by permission of the court, to whom disclosure is reasonably necessary for this litigation, and who have signed the "Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A;

(c)  the court and its personnel;

(d)  court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation, and who have signed the "Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A; and

(e)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

STIPULATED PROTECTIVE ORDER

(a) promptly notify in writing the Designating Party. Such notification will include a copy of the subpoena or court order unless prohibited by law;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification will include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order will not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party will bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is

STIPULATED PROTECTIVE ORDER

subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party will:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

/ / /

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 21 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party will not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party will bear the burden and expense of seeking protection in this court of its Protected Material.

10. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this

Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Rules 502(d) and (e) of the Federal Rules of Evidence, insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court provided the Court so allows.

## 12.   MISCELLANEOUS

12.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material

1  under seal is denied by the court, then the Receiving Party may file the information

2  in the public record unless otherwise instructed by the court.

3  13.   <u>FINAL DISPOSITION</u>

4       After the final disposition of this Action, as defined in paragraph 4, within 60

5  days of a written request by the Designating Party, each Receiving Party must return

6  all Protected Material to the Producing Party or destroy such material. As used in

7  this subdivision, "all Protected Material" includes all copies, abstracts, compilations,

8  summaries, and any other format reproducing or capturing any of the Protected

9  Material. Whether the Protected Material is returned or destroyed, the Receiving

10  Party must submit a written certification to the Producing Party (and, if not the same

11  person or entity, to the Designating Party) by the 60 day deadline that (1) identifies

12  (by category, where appropriate) all the Protected Material that was returned or

13  destroyed and (2) affirms that the Receiving Party has not retained any copies,

14  abstracts, compilations, summaries or any other format reproducing or capturing any

15  of the Protected Material. Notwithstanding this provision, Counsel are entitled to

16  retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing

17  transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert

18  reports, attorney work product, and consultant and expert work product, even if such

19  materials contain Protected Material. Any such archival copies that contain or

20  constitute Protected Material remain subject to this Protective Order as set forth in

21  Section 4 (DURATION).

22  14.   Any willful violation of this Order may be punished by civil or criminal

23  contempt proceedings, financial or evidentiary sanctions, reference to disciplinary

24  authorities, or other appropriate action at the discretion of the Court.

25       IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

26

27  DATED:  June 4, 2020                    JOHNSON & PHAM, LLP

28

- 14 -
STIPULATED PROTECTIVE ORDER

1
2
3
4

By: __/s/ Marcus F. Chaney_____
Marcus F. Chaney, Esq.
Attorneys for Plaintiffs
BMW OF NORTH AMERICA, LLC and
BAYERISCHE MOTOREN WERKE AG

5   DATED:  June 4, 2020                    DORSEY & WHITNEY LLP

6
7
8
9

By: __/s/ Stefan Szpajda_____
Stefan Szpajda, Esq.
Attorneys for Defendant
S.F. EXPRESS CORPORATION

10  FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

11
12
13
14  DATED: June 10, 2020        _____
15                              HON. JEAN P. ROSENBLUTH
                                United States Magistrate Judge
16                              Central District of California

17
18
19
20
21
22
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [**full name**], of

_____ [**full address**],

declare under penalty of perjury that I have read in its entirety and understand the

Stipulated Protective Order that was issued by the United States District Court for

the Central District of California on June ___, 2020 in the case of *BMW of North*

*America, LLC, et al. v. S.F. Express Corporation, et al.* case number: 2:20-cv-01574-

AB (JPRx). I agree to comply with and to be bound by all the terms of this Stipulated

Protective Order and I understand and acknowledge that failure to so comply could

expose me to sanctions and punishment in the nature of contempt. I solemnly

promise that I will not disclose in any manner any information or item that is subject

to this Stipulated Protective Order to any person or entity except in strict compliance

with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action. I hereby appoint _____

[**full   name**]   of   _____

- 16 -
STIPULATED PROTECTIVE ORDER

[**full address and telephone number**] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where signed: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER